James C. **FLETCHER**, Plaintiff,

v.

**ADVO SYSTEMS, INC.**, a foreign corporation, Scott Murray, and Peter Carrao, jointly and severally, Defendants.

No. 85–CV–70599–DT.

United States District Court, E.D. Michigan, S.D.

Sept. 6, 1985.

Thomas R. Paxton, Detroit, Mich., for plaintiff.

Ronald G. Acho, Livonia, Mich., for defendants.

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND

La PLATA, District Judge.

On December 27, 1984, Plaintiff, James C. Fletcher, filed a four-count Complaint in the Wayne County Circuit Court against a corporate Defendant and two individual Defendants.[1] Therein, he essentially alleged that he was discharged, without just cause, from his position as a senior accounting executive at Advo Systems, Inc., in violation of a verbal employment contract.[2] Pursuant to 28 U.S.C. § 1441, Defendants removed the action to this Court on February 7, 1985, claiming that one of the Defendants, Scott Murray, a Michigan resident, was included as a party to the lawsuit solely to defeat diversity of citizenship.

On April 29, 1985, Plaintiff filed a Motion to Remand to the state court, under 28 U.S.C. § 1447(c), contending that the case was improvidently removed. Plaintiff argues that Murray, as Plaintiff's supervisor, is jointly liable for his wrongful discharge from Advo Systems, Inc.

According to his Complaint, Plaintiff was hired by Defendant Advo, which is incorporated in the State of Delaware, as a salesman on April 9, 1984. Sometime prior to her termination on October 5, 1984, Plaintiff was promoted to the position of a senior accounting executive. Plaintiff averred that his contract was not terminable at will:

> 2. That in April of 1984, when the Plaintiff was hired, he was promised that he would have a good future with the Defendant company and that as long as he did his job, he would not be discharged. Further, based upon his employers expressed and/or implicit representations to the Plaintiff, the Plaintiff formed a reasonable reliance that he would not be discharged except for just cause.[3]

In addition to naming his employer as a Defendant, Plaintiff included the firm's vice-president, Peter Carrao, a resident of Hartford, Connecticut, and Scott Murray, his immediate supervisor, in the lawsuit. In regard to Defendant Murray, Plaintiff did not specifically allege that his former supervisor committed a breach of the purported employment contract, but, in a general and conclusory fashion, stated the three Defendants jointly terminated him from his employment without just cause.

In the instant Motion, Plaintiff maintains that since both Defendant Murray and he are residents of Michigan, the case was improperly removed to federal court.[4] Plaintiff argues that each of the Defend-

---

**1.** While Plaintiff's Complaint enumerates five-counts, one of the counts consists entirely of general allegations applicable to the lawsuit.

**2.** Plaintiff's cause of action is based on the benchmark case of *Toussaint v. Blue Cross and Blue Shield of America*, 408 Mich. 579, 292 N.W.2d 880 (1980), which held that although employers remain able to enter into employment contracts that are terminable at will without any cause, an employer's express agreement to discharge only for just cause, or statements of the company's policy and procedures to that effect, can give rise to rights enforceable in contract. Apart from the breach of contract claim, Plaintiff averred that Defendants committed (1) a breach of an implied duty of good faith and fair dealing; (2) negligence in their evaluation and discharge of Plaintiff; and (3) the tort of intentional infliction of emotional distress in their discharge of Plaintiff.

**3.** Complaint, Count I, Paragraph 2, p. 2.

**4.** 28 U.S.C. § 1447(c) prescribes that a District Judge shall remand a case when it appears that it was removed improvidently from a state court.

ants was an "employer" of his, and, thus, each is individually liable for breaching the alleged contract of employment. In his Motion and supporting brief, Plaintiff emphatically denied that Defendant Murray was included in the lawsuit solely to defeat complete diversity of citizenship.

Opposing the Motion to Remand, Defendants, reasserting that Murray was named as a party defendant in order to thwart a removal from state court, attached the affidavits of Murray and Carrao to demonstrate that Murray neither was involved in nor knew of Plaintiff's termination:

### AFFIANT CARRAO:

2. That I, in my capacity, as Vice President of Sales for the Eastern Division, personally conducted the investigation and made the decision to terminate former employee James Fletcher from his position with ADVO SYSTEMS, INC. on or about October 5, 1984.

3. That Mr. Scott Murray, as Regional Director of Sales, did not participate in, nor was he involved in the decision to terminate Mr. Fletcher in any way whatsoever.

4. That, to the best of my knowledge and belief, Mr. Scott Murray had no prior knowledge of the pending termination of Mr. Fletcher.

### AFFIANT MURRAY:

2. That I was not involved in any way, directly or indirectly, either personally or in my capacity as Regional Sales Manager, in the decision to terminate James Fletcher from his former position with ADVO SYSTEMS, INC.

3. That, to the best of my knowledge and belief, the termination of Mr. James Fletcher and the investigation relating to the termination were handled entirely by the Corporate Headquarters of ADVO SYSTEMS, INC., under the direction of Mr. Peter Carrao, Vice President of Sales, who conducted interviews separately and privately with each sales employee of the Detroit Branch Office of ADVO SYSTEMS, INC., on or about October 4 and 5, 1984.

4. That I had no knowledge of the investigation or pending termination of Mr. James Fletcher until after the decision to terminate had been made and announced by Vice President Carrao on October 5, 1984.

While recognizing that a federal court is required to remand a case to state court where complete diversity of citizenship is lacking, Defendants argue that the improper joinder of a party defendant who does not have a real connection with the controversy permits a federal court to disregard the joinder and retain jurisdiction. Based on the affidavits of Carrao and Murray, Defendants assert that the Court may make a summary determination that, under state law, Defendant Murray was not involved in Plaintiff's termination and, hence, he was included in the action solely to defeat diversity of citizenship.

Where there are either plural plaintiffs or plural defendants, a federal court is devoid of diversity jurisdiction unless there is a diversity of citizenship between all plaintiffs and all defendants.[5] Despite this precept, if a litigant is not a real party in interest, or is purely a nominal or formal party, his presence in the action may be disregarded in ascertaining jurisdiction.[6]

Fed.R.Civ.P. 21 empowers a trial court to drop a litigant from the lawsuit on its own

---

5. *City of Indianapolis v. Chase National Bank,* 314 U.S. 63, 69–70, 62 S.Ct. 15, 16–17, 86 L.Ed. 47 (1941).

6. *Salem Trust Co. v. Manufacturers' Finance Co.,* 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628 (1924); 6 Wright & Miller, Federal Practice and Procedure § 1556 at 710 (1981).

initiative if that party was misjoined.[7] In *Covington v. Indemnity Insurance Company of America*,[8] an employee sued a nonresident compensation insurance company in a state court for worker's compensation benefits. As a party defendant, he named his employer, B.W. Iley, on the basis that he did not carry compensation insurance. The insurance company removed the case to Federal Court, maintaining that the employer was misjoined. The District Court dismissed Iley from the action and denied the Plaintiff's Motion to Remand. On appeal, the Fifth Circuit Court of Appeals held that the joinder of the employer as a defendant was improper:

> If we could agree with appellant's premise that 'In the case at bar plaintiff has one cause of action either against the insurance company or against B.W. Iley. He is not sure as to what the courts will ultimately rule with reference to which of the defendants is liable on his one cause of action', we would certainly agree with his conclusion that the cause was not removable and the action of the court in dismissing Iley and thereafter proceeding to judgment in it was error. We think it clear, however, that the premise is false and finds no support in the record or in law.

> On the contrary, while we agree with plaintiff that he had only one cause of action, we think it clear that the original petition, which did not make Iley a party, and the first amended original petition, which did, taken together inescapably show that that one cause of action was exclusively for compensation and that his attempted joinder of Iley in the amended petition was on its face 'a fraudulent joinder for the purpose of defeating the jurisdiction of the federal court'.[9]

In a case remarkably similar to the matter at bar, *Wecker v. National Enameling*

Co.,[10] the plaintiff, who was injured at the factory where he was employed when he fell into an unguarded metal pot containing hot, boiling grease, instituted a negligence claim in a state court in Missouri against his employer and two employees of the plant. A corporation based in New Jersey, Defendant removed the action to the United States District Court for the Eastern District of Missouri. Plaintiff filed a motion to remand, contending that one of the defendants, George Wettengel, a resident of Missouri, was negligent in his supervision of the furnace.

Denying the motion to remand, the trial court ruled that the joining of Wettengel as a party defendant was groundless and fictitious. On a writ of error from the trial court, the United States Supreme Court held that the right of a foreign corporation to remove a case to the federal court cannot be thwarted by the plaintiff's fraudulent joinder of his co-employee as a defendant:

> In view of this testimony and the apparent want of basis for the allegations of the petition as to Wettengel's relations to the plaintiff, and the uncontradicted evidence as to his real connection with the company, we think the court was right in reaching the conclusion that he was joined for the purpose of defeating the right of the corporation to remove the case to the Federal court.

> \*   \*   \*   \*   \*   \*

> While the plaintiff, in good faith, may proceed in the state courts upon a cause of action which he alleges to be joint, it is equally true that the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit

7. See, generally, Wright & Miller, Federal Practice & Procedure, §§ 1682, 1685 (1972).

8. 251 F.2d 930 (5th Cir.1958), *cert. denied*, 357 U.S. 921, 78 S.Ct. 1362, 2 L.Ed.2d 1365 (1958).

9. *Covington* at 933.

10. 204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430 (1907).

the state courts, in proper cases, to retain their own jurisdiction.[11]

In the matter at bar, the Court concludes that Scott Murray was joined as a party defendant for the sole purpose of defeating federal jurisdiction. The uncontroverted affidavits of the two individual defendants reveal that Murray not only did not participate in the decision to discharge Plaintiff, but he also was unaware of that decision. Plaintiff failed to set forth in his complaint the involvement, if any, Defendant Murray had in his hiring and discharge. It is evident that Murray, as Plaintiff's former supervisor, is not an indispensable party to this wrongful termination action.[12]

Therefore, the Court, disregarding Murray's presence in the lawsuit, DENIES Plaintiff's Motion to Remand the case to the Wayne County Circuit Court. On its own motion, under Fed.R.Civ.P. 21, the Court, finding that he is not a necessary party and, in fact, was named as a party defendant as a fraudulent device to circumvent the Court's jurisdiction, drops Defendant Murray from the lawsuit.

So Ordered.

---

11. *Wecker* at 185–86, 27 S.Ct. at 188.

12. When a party's liability to Plaintiff is joint and several, he is not a necessary or indispensable party to the action. See 2 Barron & Holzoff, Federal Practice and Procedure, § 513.8 (Wright ed. 1961); *Letmate v. Baltimore and Ohio Railroad,* 311 F.Supp. 1059, 1062–63 (D.Md.1970).