**Leroy ALEXANDER, Plaintiff,**

v.

**ELECTRONIC DATA SYSTEMS CORP., James Jeros, Steven Brechtelsbauer, and Jane Doe, Jointly and Severally, Defendant.**

No. 91–CV–72494–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 13, 1994.

James Schuster, Southfield, MI, Lynn H. Shecter, Birmingham, MI, for plaintiff.

Lee J. Hutton, Brian B. Smith, Southfield, MI, for defendant.

**2.** *See* 28 U.S.C. § 1447(d) (denying appellate review of an order to remand based on lack of subject matter jurisdiction).

*OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR REMAND DENYING PLAINTIFF'S MOTION TO AMEND, and DISMISSING THE INDIVIDUAL DEFENDANTS*

ZATKOFF, District Judge.

## I. INTRODUCTION

This matter is before the Court on the Sixth Circuit Court of Appeals' remand for a determination of diversity jurisdiction, as well as plaintiff's Motion to Remand this case back to the Circuit Court for Oakland County. This Court finds that the facts and the legal arguments are adequately presented in the briefs, and that the decisional process would not be significantly aided by oral arguments. Accordingly, the motion before this Court will be disposed of upon the briefs submitted by the parties. *See* E.D.Mich.Local R. 7.1(e)(2). For the reasons set forth below, this Court shall retain diversity jurisdiction, and plaintiff's Motion to Remand shall be DENIED.

## II. BACKGROUND

Plaintiff Leroy Alexander filed suit against defendant Electronic Data Systems Corp. (hereinafter "EDS"), a Texas corporation, its manager, its personnel manager and the staffing manager at its Oakland County facility. Plaintiff seeks equitable and monetary relief, alleging that his application for employment was rejected because he is diabetic.

Plaintiff had applied for employment with EDS in September, 1989, as a Systems Engineer. Following an initial interview, plaintiff was given an EDS application form and a Health History questionnaire to complete. Following return of the questionnaire, EDS informed him that the hiring manager, defendant Steve Brechtelsbauer and three technical people would meet with him to determine his qualifications.

Plaintiff met with Brechtelsbauer. The two discussed Brechtelsbauer's department, the nature of the work, and what plaintiff could expect in his meeting with the technical panel. Subsequently, the technical panel apparently determined that plaintiff lacked the technical qualifications to immediately step into the Systems Engineer position and effectively perform without delay.[1] However, a majority of the panel felt that he was trainable. After Brechtelsbauer received the panel members' input, he again met with the plaintiff. Brechtelsbauer told him that EDS would not make him an offer as a Systems Engineer, however, plaintiff claimed, in his complaint,[2] his deposition testimony,[3] and his motion for summary judgment, that during this last meeting he was offered and accepted a position as an Associate Systems Engineer, and was to report to work the following Wednesday. Plaintiff alleges that he was telephoned on the preceding Monday and Tuesday and told not to report.[4] He contends that this was due to the fact that in his Health History questionnaire, he admitted having diabetes.

Plaintiff thereafter filed suit in Oakland County Circuit Court on May 1, 1991, alleging that defendants' actions were in violation of the Michigan Handicappers' Civil Rights Act, M.C.L. §§ 37.1101–37.1606 (Count I), and fraudulent (Count II). Defendants removed to this Court on May 24, 1991, urging that plaintiff's claims were preempted under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461.

On June 21, 1991, plaintiff moved to remand this case to state court. Plaintiff therein argued, in contrast to the position taken in his complaint, that he was never in fact an employee of EDS. Thus, according to plaintiff, he was not a "participant" in an ERISA plan, and this Court lacked subject matter jurisdiction over his complaint. By

---

1. *See* Mauch Deposition, at 81.

2. Plaintiff's complaint states in part:
   17. The EDS recruiting team instructed the recruiter to offer Plaintiff Alexander a lower position, Associate Systems Engineer, than that for which he applied.

18. Plaintiff Alexander accepted the lower position. Plaintiff's Complaint, at 3.

3. *See* Alexander Deposition, at 127.

4. *See* Plaintiff's Complaint, at 3.

Memorandum Opinion and Order of August 6, 1991, plaintiff's motion was denied.[5]

The parties then filed cross-motions for summary judgment pursuant to Fed.R.Civ.P. 56. Plaintiff's motion was denied, and defendants' motion was granted. Plaintiff subsequently appealed. The Court of Appeals for the Sixth Circuit reversed and remanded the case to this Court. The Sixth Circuit held that this Court did not have proper federal question jurisdiction under ERISA to grant defendant's motion for summary judgment, and remanded "for a determination of diversity jurisdiction, specifically whether defendants Brechtelsbauer and Jeros were fraudulently joined." *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 947 (6th Cir. 1994).

Plaintiff has now filed a motion to remand this matter back to the state court, contending that complete diversity does not exist. Defendant has filed a response, to which plaintiff has replied.

### III. OPINION

#### A. Standard of Review

Title 28, U.S.C. § 1441(b), provides that:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

*Id.*

The jurisdictional question which the Sixth Circuit has posed to this Court in the instant case is

whether 'Jane .Doe,' James Jeros and Steven Brechtelsbauer, or any of them, were 'parties in interest properly joined ... as defendants.' If not, complete diversity existed, and EDS has the right to remove this case to federal court based upon diversity of citizenship. ·

*Alexander,* at 948.

#### B. Motion Before This Court

Plaintiff asserts that this Court lacks subject matter jurisdiction over his claim since there is no diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff contends that defendants Jeros and Brechtelsbauer are properly joined, as they fall within the definition of "employer/agent" under the Michigan Handicappers Civil Rights Act. Because defendants Jeros and Brechtelsbauer are Michigan residents, like plaintiff, plaintiff asserts that there is not complete diversity among the parties, and that his claim must be remanded to state court.

Defendant contends that this Court has original jurisdiction over the present action because the actions, as alleged, are "corporate wrongs" and Jeros and Brechtelsbauer are fraudulently joined. Defendant contends that the action is, therefore, properly removed. This Court agrees.

It is well settled that the citizenship of unknown or fictitious defendants are not considered in the determination of diversity. *See* 28 U.S.C. § 1441(a); *see also Alexander,* at 948. Pursuant to § 1441(a) the Court must disregard the citizenship of defendant "Jane Doe," the EDS personnel manager who was not named. The Court thus turns its attention to defendants Jeros and Brechtelsbauer.

Under the Michigan Handicappers' Civil Rights Act, an "employer" is "a person who has 1 or more employees ... *or an agent of such a person.*" M.C.L.A.

---

5. While recognizing plaintiff's desire to proceed in a state forum, this Court held that, following an independent inquiry of plaintiff's *complaint,* he had alleged claims which related to an ERISA plan. Specifically, plaintiff asserted that he was an employee of EDS, and that the employment relationship was terminated because he suffered from diabetes. Thus, according to plaintiff, he was discharged to prevent the attainment of any benefits to which he might have become entitled under the EDS ERISA plan. *See* Plaintiff's Complaint, at.5. Such a claim is expressly preempted pursuant to 29 U.S.C § 1140, and is thus removable to this Court. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

§ 37.1201(b) (emphasis added). Plaintiff contends that defendants Jeros and Brechtelsbauer are agents within this definition, and relies on *Jenkins v. American Red Cross,* 141 Mich.App. 785, 369 N.W.2d 223 (1985).

In *Jenkins,* a 30–year employee of the Red Cross was discharged when he refused to take a reassignment within the agency. The plaintiff sued the agency and two of his supervisors, alleging that the transfer—and ultimately the discharge—were the result of racial discrimination. The Michigan Court of Appeals upheld the trial court's decision not to dismiss the individuals, finding that they were "agents," and thus liable under the definition of "employer" in the Elliott–Larsen Civil Rights Act, M.C.L.A. § 37.2201(a).[6]

The *Jenkins* court relied upon *Munford v. James T. Barnes & Co.,* 441 F.Supp. 459 (E.D.Mi.1977) and its analysis of agents as employers under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b). The *Jenkins* court held that the individual defendants were responsible for making personnel decisions affecting plaintiff, and were therefore agents within the meaning of Title VII. 141 Mich.App. at 800.

Plaintiff argues that Jeros and Brechtelsbauer were involved with personnel decisions at EDS, and are therefore properly joined parties under the *Jenkins* and *Munford* rationale. While this Court agrees that *Jenkins* is analogous to the case at bar, the instant case is distinguishable. In so distinguishing, the Court finds that the instant case is more comparable to *Fletcher v. Advo Systems, Inc.,* 616 F.Supp. 1511 (E.D.Mi. 1985).

■ The Sixth Circuit cited *Fletcher* in its earlier opinion in this matter. *Alexander,* 13 F.3d at 948. Defendants have also cited the case in their response. *Fletcher* stands for the proposition that, where a party is joined in an action solely for the purpose of defeating jurisdiction, and the party is not an indispensable party, diversity of citizenship is complete and the action is properly removable. *Id.*

In *Fletcher* a former employee (and Michigan resident) brought a wrongful discharge action against his employer, the employer's vice-president, and the employee's supervisor. Defendants removed, and upon motion for remand the court held that plaintiff had joined the supervisor, also a Michigan resident, for the sole purpose of defeating jurisdiction. *Id.* at 1515.

> While the plaintiff, in good faith, may proceed in the state courts upon a cause of action which he alleges to be joint, it is equally true that the Federal courts should not sanction devices intended to prevent removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state court, in proper cases, to retain their own jurisdiction.

*Fletcher, supra,* at 1514–15, (*quoting Wecker v. National Enameling Co.,* 204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430 (1907)).

In the case at bar, as in *Fletcher,* there is an affidavit of one of the individual defendants, Jeros, that not only was he not involved in the decision, he was not the "Manager of Staffing" at the time relevant to this action. The sworn affidavit of defendant Brechtelsbauer indicates that he took no part in the decision to offer plaintiff a position lower than the one for which he applied. The defendants note that, conspicuously, the other members of the interview team were not named as defendants.

■ In addition, the individual defendants in the instant case are named jointly and severally with defendant EDS, though there can be no concern that EDS would be unable to satisfy any judgment against them in this matter. It is clear that the individuals need not be joined for plaintiff to obtain a complete remedy. *Scientific Computers v. Edudata Corp.,* 596 F.Supp. 1290, 1292 (D.Minn. 1984). Joinder of parties is fraudulent if there is no intent to obtain a joint judgment. *Id.*

Moreover, in *Jenkins,* the case upon which plaintiff relies, the Court noted that the individual defendant was alleged to have intimate

---

**6.** The definition of agent in the Elliott–Larsen Civil Rights Act, M.C.L.A. § 37.2201, is virtually identical to the definition in the Michigan Handicappers' Civil Rights Act, M.C.L.A. § 37.1201(b).

involvement with the discriminatory termination. In the instant case, plaintiff's complaint fails to specify *any* actions on the part of defendant Jeros, and merely alleges that defendant Brechtelsbauer was "part of the management team that interviewed plaintiff." The complaint does not allege any individual wrongs by the defendants. Similarly, in *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989), *cert. denied*, 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990), the Ninth Circuit stated:

> [N]one of the individual defendants are alleged to have done anything wrongful, except to cause the corporate defendants to act in an allegedly wrongful manner. The alleged wrongs of which plaintiffs complain are all corporate wrongs. Plaintiffs do not and apparently cannot allege that any of the individual defendants owed them a duty in their individual capacity, nor that they did any act in their individual capacity which violated any such duty or otherwise caused plaintiffs harm except as a result of corporate acts.

*Id.* at 1426 (*cited in Alexander*, 13 F.3d at 949 (6th Cir.1994)).

It is clear to the Court that the wrongs alleged in the instant case are indeed corporate wrongs for which the individual defendants have no liability. The Court also finds that, because plaintiff's complaint makes no allegations of specific actions of either defendant, that they were joined in this matter solely for their presence in the action can be disregarded for purpose of determining diversity of the parties. Absent the individual defendants, federal diversity jurisdiction is proper. Accordingly, plaintiff's Motion to Remand this matter to state court is DENIED.

Following review of this matter, and it being apparent that defendants were joined fraudulently to defeat federal jurisdiction; on its own motion, pursuant to Fed.R.Civ.P. 21, the Court DISMISSES defendants Jeros and Brechtelsbauer from this action.

Because substantial prejudice would result to the individual defendants in this matter, plaintiff's Motion to Amend the Complaint is also DENIED.

## IV. CONCLUSION

In light of the above analysis, this Court finds that original jurisdiction exists under 28 U.S.C. § 1331 and that removal of the current action to this Court was proper under 28 U.S.C. § 1441(b). Therefore, IT IS ORDERED that plaintiff's Motion to Remand is DENIED. Defendants Jeros and Brechtelsbauer are HEREBY DISMISSED from this action. Plaintiff's Motion to Amend is DENIED.

IT IS SO ORDERED.