**Anthony YANAKEFF, Plaintiff,**

v.

**SIGNATURE XV, a limited partnership; Signature Inns, Inc., an Indiana corporation; and Jody Forrester, Jointly and Severally, Defendants.**

No. 92–CV–76490–DT.

United States District Court,
E.D. Michigan, S.D.

April 19, 1993.

Michael L. Pitt, Kelman, Loria, Detroit, MI, for plaintiff.

Suanne T. Trimmer, Clark, Klein, Beaumont, Detroit, MI, for defendants.

## ORDER DISMISSING DEFENDANT JODY FORRESTER AND DENYING PLAINTIFF'S MOTION TO REMAND

HACKETT, District Judge.

Defendants removed plaintiff's compliant from Wayne County Circuit Court to the United States District Court for the Eastern District of Michigan. Contending that Jody Forrester, a non-diverse defendant was fraudulently joined, defendants base removal upon diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(a). Plaintiff has filed a motion to remand to which defendants have responded.

## FACTUAL BACKGROUND

This is a wrongful discharge/discrimination action arising from the termination of plaintiff Anthony Yanakeff. Plaintiff was injured at work on March 6, 1992. He was terminated from his position as a supervisor of maintenance on May 9, 1992. Plaintiff contends that under the Michigan Handicapper's Civil Rights Act, he was entitled a reasonable period to recuperate.

After defendants removed, the court ordered defendants to show cause in writing why this court should have jurisdiction over plaintiff's complaint. Defendants argue in response to the order to show cause that federal jurisdiction is proper because defendant Jody Forrester, a resident of Michigan, is joined solely for the purpose of defeating diversity jurisdiction. Plaintiff responded and also filed a motion to remand.

The main point of contention between the parties is whether Jody Forrester was involved in making the decision to terminate plaintiff so as to subject her to liability under Michigan law. Defendants maintain that Forrester was not involved nor had any responsibility for the firing.

## DISCUSSION

A court may find fraudulent joinder exists where a non-diverse party is added solely to deprive a court of jurisdiction. *Kelly v. Drake Beam Morin, Inc.*, 695 F.Supp. 354, 355 (E.D.Mich.1988) (citations omitted). The burden of proving the existence of federal jurisdiction rests on the removing party. *Id.*

While the United States Court of Appeals for the Sixth Circuit has not recently set forth a test for determining whether a party has been fraudulently joined, this court and other district courts have, in keeping with earlier circuit court guidance,[1] determined

---

1. In *Brady v. Indemnity Ins. Co. of North America*, 68 F.2d 302, 303 (6th Cir.1933), the Court stated: "In fraudulent joinder cases the underlying reason for removal is that there is no factual basis upon which it can be claimed that the resident defendant is jointly liable or where there is such liability there is no purpose to prosecute the action against the resident defendant in good faith" (citations omitted).

that no fraudulent joinder exists if there is a reasonable basis for asserting that state law might impose liability on a resident defendant under the facts alleged. *See Wiacek v. Equitable Life Assur. Soc. of the U.S.,* 795 F.Supp. 223, 226 (E.D.Mich.1992); *Yedla v. Electronic Data Systems, Inc.,* 764 F.Supp. 90, 92 (E.D.Mich.1991); and, *Kelly v. Drake Beam Morin, Inc.,* 695 F.Supp. 354, 355 (E.D.Mich.1988). If the joinder is not fraudulent, the case must be remanded for lack of diversity jurisdiction. 28 U.S.C. § 1447(c).

 The court concludes that there is no reasonable basis for Jody Forrester's joinder because Michigan law would impose no liability on her under the facts alleged in plaintiff's complaint. Plaintiff's complaint alleges that as plaintiff's supervisor, Forrester took part in discriminating against plaintiff. The court agrees that a supervisor could be a proper defendant under Michigan's Handicapper's Civil Rights Act, M.C.L.A. § 37.-1201(a).[2] However, the facts in this case, as supported by depositions and sworn affidavits filed with the court, show that Forrester was not involved in the decision to terminate plaintiff,[3] aside from communicating information to her superiors and, ultimately, to plaintiff.[4] It is clear that Forrester had no control over the decision to terminate plaintiff and that her input was merely informational. This is in direct contrast to a finding that supervisors were proper parties because defendants failed to refute their role in the alleged discriminatory actions. *See Yedla,* 764 F.Supp. at 91. *Compare Fletcher v. Advo Systems, Inc.,* 616 F.Supp. 1511, 1513–15 (D.C.Mich.1985) (finding a defendant supervisor had been fraudulently joined on the basis of affidavits showing that he neither knew about nor participated in the plaintiff's termination).

Because defendants have sufficiently shown that Forrester is purely a nominal or formal party, her presence may be disregarded in ascertaining this court's jurisdiction.

*Salem v. Manufacturers' Finance Co.,* 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628 (1924). The fraudulent joinder of a resident party cannot defeat diversity jurisdiction. *Rose v. Giamatti,* 721 F.Supp. 906, 913 (S.D.Ohio 1989). Accordingly,

IT IS ORDERED that plaintiff's motion to remand the case hereby is DENIED.

IT IS FURTHER ORDERED that, pursuant to Fed.R.Civ.P. 21, defendant Jody Forrester is DISMISSED from this case as fraudulently joined.

---

2. Supervisors may be sued as agents of an employer for unlawful discrimination under the Elliott–Larsen Civil Rights Act. M.C.L.A. § 37.-2201(a). *See Yedla,* 764 F.Supp. at 91; and, *Jenkins v. American Red Cross,* 141 Mich.App. 785, 369 N.W.2d 223 (1985). Elliott–Larsen and the Michigan Handicapper's statute define "employer" identically.

3. *See* Affidavit of David Higgins, filed December 7, 1992, and Defendants' Supplemental Brief in Response to the Court's Order to Show Cause.

4. *See* Defendant Jody Forrester's deposition, filed January 3, 1993, Affidavit of Jody Forrester, filed December 7, 1992.