Ali R. **FREEMAN**, Plaintiff,

v.

**UNISYS CORPORATION, Douglas Holloway, and Allen Ebert,** Defendants.

Civ. A. No. 94–73112.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 9, 1994.

William A. Roy, Roy, Shecter & Vocht, P.C., Bloomfield Hills, MI, for Ali R. Freeman.

Judith E. Caliman, Robert C. Ludolph, Pepper, Hamilton & Scheetz, Detroit, MI, Anthony B. Haller, Pepper, Hamilton & Scheetz, Philadelphia, PA, for Allen Ebert.

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR REMAND

GADOLA, District Judge.

Plaintiff Ali Freeman is seeking damages and other relief from defendants Unisys Corporation, Douglas Holloway, and Allen Ebert for race discrimination in violation of the Elliott–Larsen Civil Rights Act, breach of implied contract, and false-light invasion of privacy. This action was originally filed in the Wayne Country Circuit Court. Based upon the court's diversity jurisdiction and an allegation of fraudulent joinder, defendants removed the instant action to this court. Presently before the court is plaintiff's motion for remand. For the reasons stated below, the court will deny plaintiff's motion.

### I. Background

Plaintiff is a former employee of defendant Unisys Corporation. He is a citizen of Michigan. Plaintiff was forced to resign from the company because he allegedly misappropriated company property. Defendant Douglas Holloway is a human resources manager for Unisys who informed plaintiff of the investigation against him and the company's decision. Defendant Allen Ebert is a district manager for customer services and support for Unisys's Detroit office. He participated in the investigation of the misappropriation charge against plaintiff. Both Holloway and Ebert are citizens of Michigan. Unisys is a Delaware corporation. The location of its principal place of business is a matter of dispute between the parties.

In Count I of his three-count complaint, plaintiff contends that all three defendants discriminated against him based upon his race in violation of Michigan's Elliott–Larsen Civil Rights Act, M.C.L.A. § 37.2202. In Count II, plaintiff also claims that Unisys breached an implied just cause employment contract. Finally, in Count III, plaintiff alleges that defendants Holloway and Ebert committed the tort of false-light invasion of privacy when they told other Unisys employees and a state employment agency that plaintiff was involved in the misappropriation of company property.

### II. Analysis

In his motion for remand, plaintiff contends that the court lacks jurisdiction over this action under 28 U.S.C. § 1332 because (1) the citizenship of Unisys defeats diversity; and (2) he has asserted proper claims against the non-diverse defendants Holloway and Ebert for race discrimination and false light and that defendants have failed to demonstrate that these claims were fraudulently joined. Unisys contends that it is a citizen of Delaware, its state of incorporation, and Pennsylvania, the location of its principal place of business. Unisys further alleges that defendants Holloway and Ebert

were fraudulently joined by plaintiff in an effort to defeat the court's diversity jurisdiction. Because defendants have sought removal of this action, they have the burden of proving that the court has jurisdiction. *Gafford v. General Elec. Co.*, 997 F.2d 150, 155 (6th Cir.1993). The court will address each of the disputed issues in turn.

## A. Citizenship of Unisys

■ For purposes of determining diversity jurisdiction, a corporation can be a citizen of two states: (1) its state of incorporation; and (2) the state of its principal place of business. 28 U.S.C. § 1332(c). It is undisputed that Unisys is incorporated in Delaware. The parties are in disagreement, however, over its principal place of business. Plaintiff contends that Unisys has its principal place of business in Detroit, Michigan, while defendants contend that Blue Bell, Pennsylvania is the actual location.

■ In determining Unisys's principal place of business, the court must apply the "total activity test" delineated by the Sixth Circuit in *Gafford*, 997 F.2d at 162–63. The total activity test is a combination of the nerve center test, which emphasizes the location of the corporate headquarters, and the place of activity test, which emphasizes where the corporation has its production and service activities. *Id.* at 162. Under the total activity test, the court must take into consideration all relevant factors and weigh them in light of the facts of the case. *Id.* at 163.

In support of its claim that Blue Bell, Pennsylvania is its principal place of business, Unisys has presented evidence that its corporate headquarters is located in Blue Bell. It claims that virtually all policy decisions, general supervision, and day-to-day control of corporate business takes place in Blue Bell. In addition, almost all of its principal executive officers are located in Pennsylvania. Finally, in 10–K and 10–Q reports filed with the Securities and Exchange Commission on behalf of Unisys, Blue Bell, Pennsylvania is identified as the company's principal place of business. Plaintiff denies none

of defendants' claims and, in fact, he affirmatively states that the company's headquarters are located in Blue Bell and that the board of directors conducts its meetings in that city.

In challenging Unisys's Pennsylvania citizenship, plaintiff alleges that the company has its principal place of business in Detroit, Michigan. He claims that the company's "World Headquarters" and its marketing department are located in Detroit. Furthermore, plaintiff alleges that Unisys operates a factory in Plymouth, Michigan. Plaintiff's assertion concerning the location of the "World Headquarters," however, is belied by those other statements in his affidavit indicating that most of the corporate officers are in Blue Bell, Pennsylvania and that the board of directors meets there.

The court finds that Unisys's principal place of business for purposes of determining diversity jurisdiction is Blue Bell, Pennsylvania. There is no dispute between the parties over the fact that corporate direction and control centers in Pennsylvania. In addition, the company's 10–K reports cite Blue Bell as the company's principal place of business. The court in *Gafford* also cited General Electric's 10–K reports as persuasive in determining corporate diversity citizenship. *Gafford*, 997 F.2d at 161. The location of company executives in Detroit appears to be a leftover from the corporate structure that existed at the time before the merger eight years ago of the companies that formed Unisys. Furthermore, there is no indication that the Unisys facility in Plymouth, Michigan is of such a substantial size as to show that a significant amount of the company's business or services are located in the state. In sum, the court is convinced that Unisys is a citizen of Pennsylvania, not Michigan, because its principal place of business is located in Blue Bell, Pennsylvania. As a result, there is a diversity of citizenship between plaintiff and the defendant corporation.[1]

## B. Fraudulent Joinder

Besides asserting that Unisys is a citizen of Michigan, plaintiff also contends that he has presented valid causes of action against

---

1. As noted earlier, Unisys is also a citizen of   Delaware, its state of incorporation.

two individual defendants who are citizens of Michigan.

A court may find fraudulent joinder where a non-diverse party is added solely to deprive a court of jurisdiction. *Yanakeff v. Signature XV*, 822 F.Supp. 1264, 1265 (E.D.Mich.1993). As the court noted above, the burden of proving the existence of federal jurisdiction rests on the removing party. No fraudulent joinder exists if "there is arguably a reasonable basis for predicting that the state law might impose liability" on the non-diverse defendants under the facts alleged. *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994); *Yanakeff*, 822 F.Supp. at 1265–66; *Wiacek v. Equitable Life Assurance Society*, 795 F.Supp. 223, 226 (E.D.Mich.1992). In the event that joinder is not fraudulent, then the court must remand the action to state court.

In this case, defendants allege that there is no reasonable basis for asserting that Holloway and Ebert are liable under the Elliott–Larsen Civil Rights Act or under the tort of false-light invasion of privacy. In order to determine if jurisdiction is proper, the court will now examine the viability of each of plaintiff's claims.

## 1. Elliott–Larsen Civil Rights Act

In Count I of his complaint, plaintiff alleges that he was discriminated against based upon his race in violation of the Elliott–Larsen Civil Rights Act ("the Act"), M.C.L.A. § 37.2201(a). Under this Michigan statute, a supervisor may be sued if he acts as an agent of an employer within the definition of the statute. *Jenkins v. American Red Cross*, 141 Mich.App. 785, 369 N.W.2d 223 (1985); *Yanakeff*, 822 F.Supp. at 1266 n. 2. Individual supervisors act as agents of an employer if they are responsible for making personnel decisions affecting the plaintiff. *Jenkins*, 141 Mich.App. at 800, 369 N.W.2d 223.

The court finds that defendants have demonstrated that there is no reasonable

basis for asserting a cause of action against either Holloway or Ebert for discriminatory termination under the Act. In his complaint, plaintiff makes no specific allegations against either individual defendant with regard to racial discrimination. Both individual defendants have submitted affidavits stating that they played no role in the decision to terminate the plaintiff, and that they had neither the authority nor the responsibility to make such a decision.

In response, plaintiff contends that because they participated in the investigation against him, they could be liable under the discrimination statute. Furthermore, they informed him that he would be terminated by the company if he did not resign, and they supplied him with a form resignation. On this basis, plaintiff seeks redress against Holloway and Ebert.

The court finds, however, that merely informational input by an employee or supervisor does not make them an agent of an employer that qualifies them for liability under the Act.[2] *Yanakeff*, 822 F.Supp. at 1266. Had plaintiff been able to refute defendants' affidavits and provide some evidence to indicate that they made the decision to terminate, then plaintiff would have a viable claim against them. *See, e.g., Yedla v. Electronic Data Sys., Inc.*, 764 F.Supp. 90, 92 (E.D.Mich.1991). After providing information to Unisys employees who had the authority to terminate plaintiff, Holloway and Ebert were given the ministerial duty of informing plaintiff of the company's decision and his choice of either resignation or termination. Merely conveying such information is not sufficient to make out liability under the Act.

In this instance, the claims against Holloway and Ebert under the Act have no reasonable basis. As such, this claim will be disregarded for purposes of determining diversity jurisdiction.

---

**2.** The court's decision in this matter is also dictated by the fact that plaintiff is seeking joint and several liability against the three defendants. The joint and several liability of a plaintiff's supervisor was one factor considered by the court

in *Fletcher v. Advo Sys., Inc.*, 616 F.Supp. 1511, 1515 (E.D.Mich.1985) when it found that the supervisor should be dismissed from the suit under Rule 21.

## 2. False Light

In Count III of his complaint, plaintiff claims that Holloway and Ebert committed the tort of false-light invasion of privacy. Under Michigan law,

> [i]n order to maintain an action for false-light invasion of privacy, a plaintiff must show that the defendant broadcast to the public in general, or to a large number of people, information that was unreasonable and highly objectionable by attributing to the plaintiff characteristics, conduct, or beliefs that were false and placed the plaintiff in a false position.

*Duran v. The Detroit News, Inc.*, 200 Mich. App. 622, 631–32, 504 N.W.2d 715 (1993). Plaintiff claims that Holloway and Ebert are liable for false-light invasion of privacy because they informed the Michigan Employment Security Commission ("MESC") that plaintiff had misappropriated company property. In addition, Holloway and Ebert, in the course of the investigation, told other Unisys employees about the circumstances of the alleged misappropriation.

The court finds that defendants have shown that there is no reasonable basis for a claim of false-light invasion of privacy against either Holloway or Ebert. In order to establish the tort, Michigan requires publicity, that is, the defendants must broadcast the false information to the general public or to a large number of people. In this instance, however, plaintiff merely alleges that, in the course of the investigation, Holloway and Ebert informed some individuals at Unisys and at the MESC. This amount of publicity is not sufficient, as a matter of law, to satisfy the level required in a false-light invasion of privacy case. *See, e.g., Duran*, 200 Mich. App. at 625–26, 504 N.W.2d 715 (claim against two newspapers and two television stations based upon TV broadcasts and newspaper articles). The tort in question contemplates a much higher level of dissemination than that contemplated by the publication requirement of defamation. Plaintiff cannot meet this higher standard. As a result, defendants have shown that plaintiff has no reasonable basis for a tort claim against Holloway or Ebert.

Besides failing to establish that Holloway and Ebert disseminated false information to the general public, under Michigan law the individual defendants were privileged to communicate to others as to any subject in which the person "has an interest, or in reference to which he has a duty, to a person having a corresponding interest or duty." *Bacon v. Michigan Central R. Co.*, 66 Mich. 166, 169–70, 33 N.W. 181 (1887). In addition, according to Michigan statute, "any statements made to the MESC in the course of its administrative functions is absolutely privileged and the party making it is immune from suit." *Gonyea v. Motor Parts Federal Credit Union*, 192 Mich.App. 74, 77, 480 N.W.2d 297 (1991) (citing M.C.L.A. § 421.11(b)). As a result, the statements made by Holloway and Ebert regarding the alleged misappropriation to Unisys employees or the MESC in the course and aftermath of the investigation are privileged. As a consequence, there is a second basis for finding that plaintiff does not have a viable false light claim against the individual defendants.

## III. Conclusion

The court finds that the removal of this action to federal court was proper. This action falls under the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of Michigan while defendant Unisys is a citizen of Delaware and Pennsylvania. The court finds that the individual defendants Holloway and Ebert were fraudulently joined. Defendants have demonstrated that plaintiff has no reasonable basis for a cause of action against either individual under the Elliott–Larsen Civil Rights Act or for the common law tort of false-light invasion of privacy. As a result, defendants Holloway and Ebert will be dismissed pursuant to Rule 21 of the Federal Rules of Civil Procedure.

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that plaintiff's motion for remand is DENIED.

IT IS FURTHER ORDERED that pursuant to Rule 21, defendants Douglas Holloway

and Allen Ebert are hereby **DISMISSED** from this action.

**SO ORDERED.**