GRAPHIC RESOURCES GROUP, INC., a Michigan corporation, Plaintiff,

v.

HONEYBAKED HAM COMPANY, a Michigan corporation, and Honeybaked Foods, Inc., an Ohio corporation, Defendants.

No. 99–40133.

United States District Court, E.D. Michigan, Southern Division.

June 10, 1999.

Michael S. Holmes, Powers, Chapman, Troy, MI, for Graphic Resource Group, Incorporated, plaintiff.

Jeffrey G. Heuer, Kirk I. Tousaw, Jaffe, Raitt, Detroit, MI, for Honeybaked Ham Company, Honeybaked Foods, Incorporated, defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT HONEYBAKED HAM COMPANY'S MOTION TO DISMISS

GADOLA, District Judge.

On April 8, 1999, defendant Honeybaked Ham Company (hereinafter "Honeybaked Michigan") filed a motion to dismiss. This defendant, a Michigan corporation, seeks to be dismissed from the instant action based on its assertion that it was not a party to any contract with plaintiff Graphic Resources Group, Inc., and that it has been improperly and fraudulently joined to defeat this Court's diversity jurisdiction. On April 1, 1999, defendants filed a notice of removal from Oakland County Circuit Court. If this Court determines that defendant Honeybaked Michigan is a proper party to the instant law suit, then remand will be necessary because there would not be complete diversity between the parties as required under 28 U.S.C. § 1332. Subject-matter jurisdiction would be lacking. If, on the other hand, this Court grants defendant's motion to dismiss, then remand would not be required and the case

may proceed in the federal forum. Plaintiff filed its response to defendant's motion on April 30, 1999. On May 11, 1999, defendant submitted its reply.

It is also important to note that on April 30, 1999 this Court issued an order to show cause why this case should not be remanded due to lack of complete diversity between the parties. On May 14, 1999, defendant Honeybaked Michigan filed an explanatory brief in response to the order to show cause. Plaintiff has not responded to defendant's explanatory brief filed in response to the show cause order. A hearing on defendant Honeybaked Ham Company's motion to dismiss was conducted on June 9, 1999.

For the reasons set forth below, the Court will grant defendant's motion to dismiss Honeybaked Ham Company from the instant action.

## I. Procedural History

On March 2, 1999, plaintiff filed a two count complaint in the Circuit Court for County of Oakland, State of Michigan (Case No. 99–012947–CK). Count I alleges breach of contract. Specifically, plaintiffs contend that the parties entered into a sales commission agreement on January 28, 1997. *See* Complaint § 6; *see also* January 28, 1997 letter, attached as Exh. A to plaintiff's complaint.[1] Pursuant to the purported agreement, defendants were allegedly obligated to pay a 5% sales commission of defendants' product total for each shipment made to a Chrysler dealership during defendants' involvement with the Chrysler Five–Star program. *See id.* ¶ 10. Defendants allegedly failed to pay plaintiff's sales commission for the years 1998 and 1999. *See id.* ¶ 12. Pursuant to

Mich.Comp.Laws § 600.2961, plaintiff claims actual damages plus an amount equal to two times the amount of commissions due, if defendants are found to have intentionally failed to pay the commissions due. *See id.* § 13. Count II alleges unjust enrichment.

Defendants filed a notice of removal on April 1, 1999 pursuant to 28 U.S.C. § 1441 and premised on this Court's diversity jurisdiction. In the notice of removal, defendants assert that defendant Honeybaked Ham Company, "while admittedly a Michigan corporation, has no interest in this lawsuit and has been ·improperly and fraudulently joined by Plaintiff because Plaintiff's only relationship was with Honeybaked Food, Inc., as shown by the letter attached to the complaint· as Exhibit A." As indicated above, on April 30, 1999, this Court issued an order to show cause why this case should not be remanded due to lack of subject matter jurisdiction. Defendant Honeybaked Michigan timely filed an explanatory brief in response to the order to show cause. Plaintiff has not responded to defendant's explanatory brief.

## II. Legal Standards

■ Defendant Honeybaked Ham Company, a Michigan corporation, seeks dismissal from the instant action based on its claim that it has been improperly and fraudulently joined to defeat this Court's diversity jurisdiction. Although defendant has framed its motion as a "motion to dismiss," presumably pursuant to Federal Rule of Civil Procedure 12(b)(6), failure to state a claim upon which relief can be granted, the instant motion is *more properly construed* as a motion to dismiss defendant based on fraudulent joinder. Be-

---

1. The January 28, 1997 letter allegedly embodying the agreement between the parties was addressed to Allen Pyc of plaintiff Graphic Resource Group and signed by Robert E. Burke, "Corporate Sales Manager", and provides as follows:

> HoneyBaked Foods, Inc., is pleased to work with Graphic Resources Group on The Chrysler 5–Star Program.

> For your efforts in the program, *Honey-Baked Foods, Inc.* will pay Graphic Resources Group 5 (five) percent of the product total for each shipment made to a Chrysler dealership during this program.

> The commission will be paid at the end of each·quarter that the program is active. Exh. A. to plaintiff's complaint (emphasis added).

cause this is a jurisdictional inquiry, the Court "is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" *Brantley v. Vaughan*, 835 F.Supp. 258, 261 (D.S.C.1993) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229 (4th. Cir. 1993)); *see also* Fed.R.Civ.Proc. 21.[2]

■ A defendant may remove a case to federal court based on diversity of citizenship jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b). "However, a non-diverse defendant who has been fraudulently joined in order to defeat diversity jurisdiction is completely disregarded for purposes of establishing federal jurisdiction." *See Ludwig v. Learjet Inc.*, 830 F.Supp. 995, 998 (E.D.Mich.1993) (Gadola, J.); *see also Wiacek v. Equitable Life Assur. Soc. of the U.S.*, 795 F.Supp. 223, 226 (E.D.Mich. 1992).

■ It is well-settled that the burden is on the removing party to show fraudulent joinder of a non-diverse defendant. *See Jerome–Duncan, Inc. v. Auto–By–Tel. L.L.C.*, 989 F.Supp. 838, 839 (E.D.Mich. 1997) (Gadola, J.) (citing *Freeman v. Unisys Corp.*, 870 F.Supp. 169, 173 (E.D.Mich. 1994)). The Sixth Circuit has held that "'[t]here can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law.'" *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994) (quoting *Bobby Jones Garden Apts., Inc. v. Suleski*, 391 F.2d 172, 176. (5th Cir.1968)). The Sixth Circuit also has provided that any disputed questions of fact and ambiguities in controlling state law should be resolved in favor of the non-removing party. *Id.*

■ While the burden to be carried by the removing party is a heavy one, it is not an "absolute standard." *Jerome–Duncan*, 989 F.Supp. at 839. Defendant is not required to show there is absolutely no basis for recovery. *Id.* at 839–40. Instead, the "inquiry is based on a reasonableness standard." *Id.* at 840. In order to meet this burden, "a defendant must show that the plaintiff has no reasonable basis for a claim against the non-diverse defendant in state court based on the alleged facts." *Ludwig v. Learjet Inc.*, 830 F.Supp. 995, 998 (E.D.Mich.1993) (Gadola, J.) (citing *Wiacek v. Equitable Life Assur. Soc. of the U.S.*, 795 F.Supp. 223, 226 (E.D.Mich. 1992)); *see also Kelly v. Drake Beam Morin, Inc.*, 695 F.Supp. 354, 355 (E.D.Mich. 1988).[3]

## III. Analysis

Defendant argues that plaintiff's complaint fails to state any claim against Hon-

---

**2.** Although not specifically referenced in defendant's motion, Federal Rule of Civil Procedure 21 governs misjoinder and non-joinder of parties. Rule 21 provides as follows:

[m]isjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately. Fed.R.Civ.Proc. 21.

**3.** As this Court noted in *Ludwig*, "some courts have held that an 'absolute standard' should be applied in order to determine the existence of fraudulent joinder." 830 F.Supp. at 998 n. 5 (citing *Brusseau v. Electronic Data Systems*, 694 F.Supp. 331 (E.D.Mich.1988)). Pursuant to this standard, a defendant must disprove any possibility of liability. *Id.; see Wiacek,*

795 F.Supp. at 226. Defendant is able to meet this harsh burden only after proving that there is absolutely no possibility that the plaintiff could state a cause of action against the non-diverse defendant in state court. *Id.; see also Brusseau,* 694 F.Supp. at 333. The burden of the absolute standard is too onerous, particularly in light of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) states, in pertinent part, that "[a] pleading which sets forth a claim for relief ... shall contain ... (2) a short and plain statement of the claim showing that the pleader in entitled to relief...." Fed.R.Civ.P. 8(a). Given that a plaintiff is only required to submit a short and plain statement of his or her claim, this Court finds it excessively burdensome for a defendant to have to disprove *any* possibility of liability. *See Ludwig,* 830 F.Supp. at 998 n. 5.

eybaked Michigan. According to defendant, the only connection that Honeybaked Michigan has to the instant case is the fact that Exhibit A to plaintiff's complaint was printed on letterhead bearing the trademark "The HoneyBaked Ham Company Est. 1957" and the smokehouse logo. *See* Motion to Dismiss ¶ 11. According to defendant, this logo is a registered trademark, owned by the HBH Limited Partnership and used by eight non-exclusive licensees and many sub-licensees throughout the country, including the other defendant, Honeybaked Foods, Inc. *See id.* ¶ 12; *see also* ·U.S. Patent and Trademark Office registration, attached as Exh. B to defendant's motion to dismiss.

Defendant further maintains that plaintiff has not alleged any basis for liability on the part of Honeybaked Michigan. According to defendant, plaintiff's breach of contract claim must fail because Honeybaked Ham Company was not a party to any contract with plaintiff. In addition, defendant contends that plaintiff's unjust enrichment claim must also fail because Honeybaked Ham Company received no services from plaintiff and no benefit from plaintiff's activity.

In response, plaintiff alleges that defendant Honeybaked Michigan has already tendered commission payments to plaintiff pursuant to the January 28, 1997 agreement. In support of this contention, plaintiff produces two checks dated April 25, 1997 and August 12, 1997. *See* Exh. B to plaintiff's response to defendant's motion to dismiss. According to plaintiff, the checks "were issued from the corporate headquarters of the Michigan Defendant [Honeybaked Ham Company] and which undoubtedly represent commission payments from the Michigan Defendant to Plaintiff pursuant to the January 28, 1997 agreement." Plaintiff's Response ¶ 10. In response to defendant's allegation that the only connection that Honeybaked Ham Company has to the instant case is the fact that Exhibit A to plaintiff's complaint was printed on letterhead bearing the trade-

mark "The HoneyBaked Ham Company Est. 1957" and the smokehouse logo, plaintiff asserts that "said allegation is an outright lie and misrepresentation to this Court. . . ." Plaintiff's · Response ¶ 11. Plaintiff maintains that, the checks submitted for this Court's inspection "unquestionably confirms that [the Michigan defendant] had a far greater role in this matter but is now trying to ignore said facts in the Motion before the Court." *Id.*

In reply, defendant points out that plaintiff in Paragraph 8 of its response *admits* that the crucial letter of January 28, 1997 allegedly embodying the agreement between the parties refers *only* to defendant Honeybaked Foods, Inc. (the foreign corporation) and *not* to defendant Honeybaked Ham Company (the Michigan corporation). *See* January 28, 1997 letter, attached as Exh. A to Plaintiff's Response. With respect to plaintiff's production of checks bearing the trademark "The HoneyBaked Ham Company Est. 1957" and smokehouse logo, defendant argues that the trademark and logo do not prove any connection to the Michigan defendant in the instant litigation. As mentioned above, defendant supports this position with the registration from the United States Patent and Trademark Office (Reg. No. 2,150,993). *See* Exh. C to Defendant's Response to Order to Show Cause.· As the registration shows, the service mark is owned by the HBH Limited Partnership. *Id.* Defendant argues that the trademark and logo do not prove any connection with Honeybaked Michigan because the trademark and logo are used by eight nonexclusive licensees (as well as many sub-licensees) throughout the country, including codefendant Honeybaked Foods, Inc.

In the instant case, defendant Honeybaked Michigan operates a number of retail outlets in the state of Michigan. *See* Defendant's Response to Show Cause Order, p. 1. Defendant Honeybaked Foods, Inc. is an Ohio corporation which operates a mail-order sales business. *Id.* Defendant maintains that the two companies are sep-

arate corporate entities, engaged in distinct types of business. *Id.* The two companies have no directors nor shareholders in common, although they do share one corporate officer, Louis Schmidt, Jr. *See* Schmidt Affidavit, attached as Exh. A to Defendant's Response to Show Cause Order.

"It is a well-recognized principle that separate corporate entities will be respected." *Seasword v. Hilti, Inc.,* 449 Mich. 542, 547, 537 N.W.2d 221 (1995). Absent some evidence of abuse of corporate form, even parent and subsidiary corporations will be construed as separate and distinct entities. *See id.* In the instant case, there is no evidence to suggest an abuse of corporate form. The Court will thus proceed with the analysis under the assumption that the two corporations are separate and distinct entities.

Defendant relies upon two prior decisions of this Court in its response to the show cause order. *See Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.,* 989 F.Supp. 838 (E.D.Mich.1997) and *Freeman v. Unisys Corp.,* 870 F.Supp. 169 (E.D.Mich. 1994). In *Jerome–Duncan,* plaintiff automobile dealer brought an action in state court for breach of contract and sought declaratory judgment against defendant customer referral service and defendant automobile dealer. 989 F.Supp. at 839. The case was subsequently removed to this Court. The customer referral service was a non-diverse defendant and brought a motion to be dismissed from the action on the basis of fraudulent joinder. Plaintiff argued that the non-diverse defendant had "an interest" in the declaratory judgment and therefore should be joined as an indispensable party. *Id.* at 840. This Court rejected plaintiff's argument, holding that there was no reasonable basis for a claim against the non-diverse defendant, and as a result, its joinder was fraudulent. *Id.* at 841.

In *Freeman,* the plaintiff, a terminated employee, brought an action in state court against his former employer, a Pennsylvania corporation, and two of its managers for race discrimination in violation of Michigan's Elliott–Larsen Civil Rights Act, Mich.Comp.Laws § 37.2101 *et seq.,* breach of implied contract, and false light invasion of privacy. 870 F.Supp. at 171. The action was removed to federal court and plaintiff brought a motion to remand. This Court denied plaintiff's motion after finding that the Michigan individual defendants, the managers, had been improperly and fraudulently joined. *Id.* at 174. Thus, their citizenship could be ignored for the purpose of determining diversity jurisdiction. *Id.* In reaching this decision, this Court noted that plaintiff's complaint had made "no specific allegations against either individual defendant with regard to racial discrimination." *Id.* at 173. This Court further found important the fact that "[b]oth individual defendants ... submitted affidavits stating that they played no role in the decision to terminate the plaintiff, and that they had neither the authority nor the responsibility to make such a decision." *Id.* The claims against the individual defendants were found to have "no reasonable basis." *Id.*

▪ Turning now to the case at hand, plaintiff's complaint in Count I alleges that "defendants" were obligated to pay plaintiff a five percent commission on any sales made by "defendants" through the Chrysler Five–Star program. Although the January 28, 1997 letter (attached as Exhibit A to the Complaint) references only defendant Honeybaked Foods, Inc., plaintiff relies on the trademark and logo appearing at the top of the letter in support of its claim that defendant Honeybaked Michigan is also bound by the agreement. In addition, plaintiff has submitted two checks, also bearing the trademark and logo, which purportedly represent prior commission payments from Honeybaked Michigan to plaintiff.

This Court finds that defendant Honeybaked Michigan has met its burden of showing that plaintiff has no reasonable basis for a breach of contract claim against

this defendant. *See Ludwig,* 830 F.Supp. at 998. Just as in *Freeman, supra,* plaintiff's complaint fails to support joinder of the non-diverse defendant. There is nothing in the letter of January 28, 1997 to indicate that defendant Honeybaked Michigan was a party to any agreement between plaintiff and defendant Honeybaked Foods, Inc. The only possible connection upon which plaintiff rests its case against defendant Honeybaked Michigan is the existence of the trademark and logo. However, this trademark and logo has been shown to be a *non-exclusive* service mark registered to HBH Limited Partnership and used by eight non-exclusive licensees and many sub-licensees throughout the country, including the other defendant, Honeybaked Foods, Inc.

With respect to plaintiff's reliance on the two checks payable to plaintiff, dated April 25, 1997 and August 12, 1997, respectively, defendant points out that the top left corner of each check stub clearly indicates that the checks were issued by Honeybaked Foods, Inc. *See* Exh. C to Defendant's Reply. Moreover, Louis Schmidt, Jr., Vice–President of Honeybaked Michigan, testifies in his affidavit that "[t]he HoneyBaked Ham Company has no involvement, now or in the past, in Plaintiff's relationship with the Chrysler Five–Star Program, which was entirely a Honey-Baked Foods program." *See* Schmidt Affidavit ¶ 4, attached as Exh. F to Defendant's Response to Show Cause Order. Schmidt states that he has reviewed the checks submitted by plaintiff and that "[t]hese checks were not issued by or drawn on accounts of the HoneyBaked

Ham Company. Rather as shown by the designation in the upper left hand corner of the check stubs, those checks were issued by HoneyBaked Foods, Inc., as payment in full for commissions owed to Plaintiff." *Id.* ¶ 6. Schmidt further states that "HoneyBaked Ham Company performs some bookkeeping functions, including accounts payable, for HoneyBaked Foods for a fee, and that is the sole reason for the Troy, Michigan, address appearing on the checks." *Id.* ¶ 7.

This Court also finds that defendant Honeybaked Michigan has met its burden of showing that plaintiff has no reasonable basis for a claim of unjust enrichment against this defendant. Under Michigan law, the elements of an unjust enrichment claim are twofold: (1) the receipt of a benefit by defendant from plaintiff and (2) an inequality resulting to plaintiff due to retention of the benefit by defendant. *See Noel v. Fleet Finance, Inc.,* 971 F.Supp. 1102, 1114 (E.D.Mich. 1997); *see also Barber v. SMH (US) Inc.,* 202 Mich.App. 366, 509 N.W.2d 791 (1993). As Louis Schmidt, Jr. has testified, Honeybaked Michigan has not received any services from plaintiff. Schmidt Affidavit ¶ 5. Plaintiff has failed to plead any facts showing that defendant Honeybaked Michigan received a benefit from plaintiff or that plaintiff suffered an inequality due to this defendant's retention of any benefit from plaintiff. There are simply no facts alleged which would indicate that Honeybaked Michigan has been unjustly enriched.[4]

---

4. Defendant raises the additional argument that in any event unjust enrichment is an unsupportable claim given plaintiff's reliance on the alleged *express* contract between the parties. *See* Defendant's Response to Show Cause Order, p. 8. While courts may imply a contract to prevent unjust enrichment, defendant argues that "a contract will be implied *only if* there is no express contract covering the same subject matter." *Noel,* 971 F.Supp. at 1114 (emphasis added). The Court rejects defendant's argument in light of Rule 8 of the Federal Rules of Civil Procedure. Rule 8

expressly allows a plaintiff to plead claims in the alternative and allows even inconsistent theories in the complaint. Rule 8(e)(2) provides in full as follows:

> [a] party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alterna-

Since defendant has met its burden of showing that there is "no reasonable basis" supporting a claim against the non-diverse defendant based on facts alleged in plaintiff's complaint, this Court holds that defendant Honeybaked Michigan has been improperly and fraudulently joined. Accordingly, the Court will grant defendant Honeybaked Michigan's motion to dismiss. The Court's exercise of subject-matter jurisdiction over the instant action is proper.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendant Honeybaked Ham Company's motion to dismiss premised on fraudulent joinder is **GRANTED;**

**IT IS FURTHER ORDERED** that defendant Honeybaked Ham Company is **DISMISSED** from the instant action pursuant to Rule 21 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

tive statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or mari-

time grounds. All statements shall be made subject to the obligations set forth in Rule 11.

Fed.R.Civ.Proc. 8(e)(2).