PSA QUALITY SYSTEMS (TORONTO), INC., an Ontario Corporation, PSA Quality Systems (Canton), Inc., a Delaware corporation, and PSA Quality Systems (St.Louis), Inc., a Michigan corporation, Plaintiff(s),

v.

Greg SUTCLIFFE, an individual, Wesbell Dedicated Assembly, Ltd., a Delaware corporation, and KAS Staffing Services, Inc., a Delaware corporation, Defendant(s).

No. 02–CV–74740.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 6, 2003.

---

James P. Murphy, Janet M. Ziulkowski, Berry Moorman, Detroit, MI, for Plaintiff.

Christopher A. Chekan, Royal Oak, MI, Beth A. Wilson, Cooper, Walinski, Toledo, OH, Toledo, OH, for Defendants.

*ORDER DENYING DEFENDANTS' MOTION TO DISMISS NON–DIVERSE DEFENDANTS AND GRANTING IN PART, AND DENYING IN PART, PLAINTIFFS MOTION TO REMAND TO STATE COURT*

ROBERTS, District Judge.

## I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion to Remand to State Court (Doc. # 5) and Defendants' Motion to Dismiss Non–Diverse Defendants Pursuant to Fed.R.Civ.P. 21 (Doc. # 4). For the reasons set forth below, the Court **DENIES** Defendants' motion and **GRANTS** Plaintiffs' motion, except as to Plaintiffs' prayer for fees and costs, which is **DENIED.**

## II. BACKGROUND

Plaintiffs PSA Quality System, Inc. of Toronto, Canton and St. Louis (collectively "PSA") filed this action in the Wayne County Circuit Court, case number 02–239622 CK. Defendants Greg Sutcliffe, a resident of Ontario, Canada, Wesbell Dedicated Assembly, Ltd. ("Wesbell") and KAS Staffing Services ("KAS"), thereafter, filed a Notice of Removal to this Court, claiming that complete diversity exists, per 28 USC § 1332, despite the fact that Defendants Wesbell and KAS are alleged to maintain their principal place of business in Michigan.[1]

Defendant Sutcliffe is a former employee of PSA. He is alleged, as a condition of his employment, to have executed an employment agreement that included covenants not to compete with PSA for 2 years following his separation from PSA and not to, at any time, use or disclose PSA's confidential information in a manner contrary to PSA's interests. Contrary to the terms of the employment agreement, PSA alleges that, prior to and after Sutcliffe's resignation, he joined with (and eventually was hired by) Wesbell and began formulating plans to start a business that would compete with PSA. In so doing, it is alleged that Sutcliffe relayed to Wesbell confidential and proprietary information, trade secrets and other information obtained through his employment for the purpose of procuring PSA customers. PSA further asserts that KAS, which provided temporary employees to PSA, assisted Sutcliffe and Wesbell in their efforts by providing former PSA temporary (and other) employees to Sutcliffe and Wesbell for their venture.[2]

Against each of the Defendants, in Counts V–VII, Plaintiffs allege tortious interference with business relations and contracts; unfair competition; and, unjust enrichment, respectively. Defendants argue that Plaintiffs fraudulently joined Defendants Wesbell and KAS for the sole purpose of defeating federal diversity jurisdiction. Wesbell and KAS contend that

---

**1.** 28 USC § 1332(c)(1) provides that a corporation is a citizen of any state in which it is incorporated or has its principal place of business. In their complaint, Plaintiffs only allege that Defendants *maintain businesses* in Michigan. However, in their response to Defendants' motion, Plaintiffs allege that Defendants Wesbell and KAS maintain their principal place of business is Michigan. Defendants do not dispute this assertion.

**2.** Note that PSA Quality Systems (Toronto), Inc., PSA Canada Group 1998 Inc and PSA

Holdings International Corp. have filed a complaint against Sutcliffe only in Windsor, Ontario, which arises from the same events. Ontario Superior Court of Justice, case number 01–GD–51933. Claims of breach of contract and breach of fiduciary duty are also alleged in that action, which is pending. Plaintiffs assert that the claims brought in Ontario seek relief only for acts committed in Ontario. Whether or not this action should (or could) be consolidated with, or precluded by, the Ontario case is not before this Court and, therefore, will not be addressed here.

Plaintiffs' alleged motive is evidenced by the fact that Plaintiffs have not alleged sufficient facts to establish that Plaintiffs have a reasonable basis for asserting any of the claims brought against them. Therefore, Defendants request that the Court dismiss Wesbell and KAS from this action and, for purposes of establishing subject matter jurisdiction and their right to remove this action, consider only Defendant Sutcliffe's Canadian residency. If the Court grants its motion, Defendants also request that Counts V–VII be dismissed as to Sutcliffe, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiffs dispute Defendants' claim regarding the adequacy of their pleadings against Wesbell and KAS and request that the Court remand this action to state court. Plaintiffs also request costs and fees incurred in defense of Defendants' attempt to remove this action.

## III. ANALYSIS

■ A defendant may only remove a case to federal court "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 USC § 1441(b). A corporation is considered a citizen of any state in which it is incorporated or has its principal place of business. 28 USC § 1332(c)(1). However, non-diverse defendants who have been fraudulently joined in order to defeat diversity jurisdiction are completely disregarded for the purpose of establishing federal jurisdiction. *Graphic Resources Group, Inc. v.*

Honeybaked Ham Co., 51 F.Supp.2d 822, 825 (E.D.Mich.1999); Ludwig v. Learjet, Inc., 830 F.Supp. 995, 997 (E.D.Mich.1993).

■ The substantial burden of proving fraudulent joinder of a non-diverse defendant is on the removing party. *Graphic Resources,* 51 F.Supp.2d at 825; *Wiacek v. Equitable Life Assurance Society of the United States,* 795 F.Supp. 223, 225 (E.D.Mich.1992). The removing defendant must show that there is no reasonable basis for a claim against the non-diverse defendant in state court on the facts alleged.[3] *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 949 (6th Cir.1994); *Graphic Resources,* 51 F.Supp.2d at 825. " '[T]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.' " *Alexander,* 13 F.3d at 949, *quoting Bobby Jones Garden Apartments, Inc. v. Suleski,* 391 F.2d 172, 176 (5th Cir.1968). "[A]ny disputed questions of fact and ambiguities in the controlling state law [should be resolved] . . . in favor of the nonremoving party." *Id., quoting Carriere v. Sears Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.), *cert den,* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990).

In order to satisfy their burden, Defendants must establish that there is no reasonable basis for any of the claims alleged against Wesbell and KAS. If Plaintiffs have pled adequate facts in support of even one its claims against either Wesbell

**3.** Some courts have held that a removing party must show that there is "absolutely no possibility" that the plaintiff will be able to state a claim in state court. *Brusseau v. Electronic Data Systems Corp.,* 694 F.Supp. 331, 333 (1988). Plaintiffs ask the Court to impose this standard upon Defendants. However, the Sixth Circuit and a majority of courts have rejected this "absolute standard" as too onerous, in favor of the "reasonableness standard." See Alexander, 13 F.3d at 940; *Graphic Resources,* 51 F.Supp.2d at 825; *Lud-*

*wig,* 830 F.Supp. at 998 n. 5; *Wiacek,* 795 F.Supp. at 225; *Ball v. Martin Marietta Magnesia Specialties, Inc.,* 130 F.R.D. 77, 80 (W.D.Mich.1990). The Court in *Ludwig* noted that an absolute standard is excessively burdensome considering Fed.R.Civ.P. 8(a), which only requires a plaintiff to submit a short and plain statement of his/her claim in his/her pleadings. *Ludwig,* 830 F.Supp. at 998 n. 5. This Court agrees with the reasoning of the majority of courts and, likewise, will apply the reasonableness standard in this case.

or KAS, diversity is destroyed and jurisdiction is not proper in this Court.

This Court finds that Defendants have failed to establish that there is no reasonable basis, under state law, for Plaintiffs' claim of unjust enrichment. "The elements for a claim of unjust enrichment are: 1) receipt of a benefit by the defendant from the plaintiff and 2) an inequity resulting to plaintiff because of the retention of the benefit by defendant." *Barber v. SMH (US), Inc.*, 202 Mich.App. 366, 375, 509 N.W.2d 791 (1994), *app den*, 445 Mich. 911, 519 N.W.2d 891 (1994). This equitable doctrine can be imposed even when there is no contract between the parties. *Kammer Asphalt Paving Co., Inc. v. East China Township Schools*, 443 Mich. 176, 185, 504 N.W.2d 635 (1993). A court may imply a contract in order to prevent unjust enrichment, as long as there is no express contract covering the same subject matter. *Barber*, 202 Mich. App. at 375, 509 N.W.2d 791.

Plaintiffs' complaint generally alleges that Wesbell and KAS conspired with, and/or assisted Sutcliffe in, formulating a competing business and utilizing proprietary information obtained by Sutcliffe during his tenor with PSA to his (and their) benefit and Plaintiffs' detriment. Plaintiffs assert that Sutcliffe's actions were in breach of his employment contract and his common law duty not to disclose Plaintiffs' confidential, proprietary information and trade secrets. Complaint, Counts I–IV.

Per Plaintiffs, Wesbell and KAS conspired with Sutcliffe in his breach of his contractual duties.[4] See Complaint, ¶¶ 28, 31, 33, 45, 46. Plaintiffs further assert that Wesbell and KAS, along with Sutcliffe, used the information improperly relayed by Sutcliffe to "entice business away from the PSA entities and to place it with Wesbell." Complaint, ¶ 83, 49.[5]

There is support for Plaintiffs' attempt to impose third party liability upon Wesbell and KAS for their alleged participation in Sutcliffe's alleged breaches of duty. In *Hayes–Albion v. Kuberski*, 421 Mich. 170, 364 N.W.2d 609 (1984), the Michigan Supreme Court held that a third party who knowingly participated in an employee's breach of fiduciary duty could be held liable for unjust enrichment. In *Hayes–Albion*, the defendant employee had signed an agreement with his employer, Hayes–Albion, not to divulge trade secrets to which he became privy while employed with the company. 421 Mich. at 177, 364 N.W.2d 609. Thereafter, while still employed with Hayes–Albion, the employee covertly began to set up a competing business with one of Hayes–Albion's suppliers, using processes described in one of Hayes–Albion's internal manuals. *Id.* The employee also continued to place Hayes–Albion's business with the supplier and companies that the supplier controlled, despite Hayes–Albion's directive that the employee find alternate sources and the fact that there were other suppliers offer-

---

**4.** Wesbell is specifically alleged to have actively assisted Sutcliffe in copying, removing and converting confidential and proprietary information and trade secrets from Plaintiffs to Wesbell. Complaint, ¶ 31. KAS is specifically alleged to have been the vehicle by which Sutcliffe and Wesbell hired temporary employees away from Plaintiffs. Complaint, ¶ 33. Wesbell and KAS are both alleged to have "formed a plan pursuant to which Sutcliffe would secret [sic], remove and convert any and all proprietary information and trade

secrets of PSA related to [PSA business] and appropriate PSA's confidential and proprietary information and trade secrets to and for the benefit of Sutcliffe, Wesbell and KAS in the launching of a competitive operation by Wesbell ...." Complaint, ¶ 46.

**5.** Although this allegation was listed in support of Plaintiffs' tortious interference claim, it (as well as all preceding allegations) was incorporated by reference in Plaintiffs' unjust enrichment claim.

ing lower rates. *Id.* at 177–178, 186, 364 N.W.2d 609.

Hayes–Albion brought, *inter alia,* a claim for unjust enrichment against the supplier and the businesses under the supplier's control. The lower court awarded Hayes–Albion unjust enrichment damages against the supplier and the businesses, finding that they had been unjustly enriched by the employee's placement of business with them, in violation of the employee's fiduciary duty to Hayes–Albion.

In its analysis of the lower court's decision, the Michigan Supreme Court quoted the following language with favor:

> Where a person in a fiduciary relation to another violates his duty as fiduciary, a third person who participates in the violation of duty is liable to the beneficiary. If the third person makes a profit through such participation, he is chargeable as constructive trustee of the profit so made.

*Id.* at 187, 364 N.W.2d 609, *quoting Scott on Trusts,* p. 3568, § 506. See also *In re Estate of Goldman,* 236 Mich.App. 517, 522, 601 N.W.2d 126 (1999)(acknowledging rule set forth in *Hayes–Albion* ). Accordingly, the Court upheld the lower court's award of damages stating that Hayes–Albion was entitled to unjust enrichment damages because the employee violated his fiduciary duty to his employer, and the supplier and the businesses under the supplier's control knowingly participated in the violation. *Id.*

The Michigan Supreme Court's ruling in *Hayes–Albion* indicates that Michigan courts are willing to impose third party liability for unjust enrichment upon those who knowingly participate in a fiduciary's breach of duty and receive a benefit. Plaintiffs have pled as much here. Contrary to Defendants' assertion, the Court finds that Plaintiffs' complaint adequately alleges that Wesbell and KAS received a benefit from their alleged participation in Sutcliffe's alleged breaches of duty; namely, Wesbell is alleged to have received knowledge and use of Plaintiffs' proprietary information that was allegedly used to start a competing business, and KAS is alleged to have assisted by providing former PSA temporary employees to Wesbell and Sutcliffe. Although Plaintiffs' proofs may ultimately fail, this Court cannot find that there is no reasonable basis for Plaintiffs' claim of unjust enrichment against Wesbell and KAS. Rather, based upon the holding in *Hayes–Albion,* it appears that Michigan courts might impose liability based on the facts alleged.

In light of the Court's findings, it is not necessary for the Court to address the adequacy of of Plaintiffs' allegations of tortious interference with business relations and contracts or unfair competition.

## IV. CONCLUSION

Defendants' motion is **DENIED**. Plaintiffs' motion is **GRANTED**, except as to Plaintiffs' prayer for fees and costs, which is **DENIED**. This matter is, hereby, **REMANDED** to the Wayne County Circuit Court for the State of Michigan.

The Scheduling Conference, currently scheduled for Friday, February 7, 2003 is cancelled.

**IT IS SO ORDERED.**